11-4196-cr
United States v. Davidson

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at New York Law School, 185 West Broadway, in the City of New York, on the 17th day of October, two thousand twelve.

PRESENT: DENNIS JACOBS,
      *Chief Judge,*
   ROBERT A. KATZMANN,
   DEBRA A. LIVINGSTON,
      *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
  <u>Appellee</u>,

  -v.-           11-4196-cr

DAVID FELTON,
  <u>Defendant</u>,
CHRISTOPHER DAVIDSON,
  <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:    Darrell B. Fields, New York, New York.

FOR APPELLEES:    Una A. Dean, Jo Ann M. Navickas, for Loretta E. Lynch, United

1

States Attorneys Office for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Christopher Davidson appeals his conviction for weapons possession and obstruction. He argues that the district court erred in refusing to suppress evidence obtained during a traffic stop and in declining to give a particular jury instruction concerning obstruction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]** Davidson was a passenger in a car stopped by the police on the ground that its left brake light was defective. The district court found that the car was not in compliance with § 376 of New York's Vehicle and Traffic Law (VTL), which requires a vehicle to have "signaling devices and reflectors of a type approved by the Commissioner which are in good working condition." N.Y. Veh. & Traf. Law § 376 (1) (McKinney 2006). Davidson does not challenge the district court's finding that his left brake light was defective: one of the paired bulbs in the left taillight assembly was out. Instead, he asserts that another statute, § 375(40)(b), specifically governs "stop lamps" and that therefore the court should have applied § 375 instead. But these statutes are not in tension; they complement one another. As a result, the district court properly concluded that under VTL § 376 the officers had a "reasonable suspicion" to stop the vehicle in which Davidson was a passenger. United States v. Scopo, 19 F.3d 777, 781 (2d Cir. 1994).

**[2]** Davidson also argues that the district court erred in failing to grant his requested instruction as to all three obstruction counts that "the government must prove that the defendant foresaw the possibility that Mr. Felton's lie would make its way to a *federal* proceeding." **A 347** (emphasis added). This is an inaccurate statement of the law. Section 1512 expressly provides that "no state of mind need be proved with respect to the circumstance . . . that the official proceeding . . . is before a judge or court of

2

the United States . . . ." 18 U.S.C. § 1512(g)(1). The district court committed no error by refusing this charge, and Davidson's convictions therefore must stand. See United States v. Desinor, 525 F.3d 193, 198 (2d Cir. 2008) ("A conviction will not be reversed . . . unless the requested instruction was legally correct[.]").

Finding no merit in Davidson's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK